# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SYLVESTER RIDEAU, Jr., CDCR #K-32522,<br><br>                                        Plaintiff,<br><br>vs.<br><br>L. MINNICK, et al.,<br><br>                                        Defendants. | Civil No.   09cv0296 BTM (WMc)<br><br>**ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

**I.   PROCEDURAL HISTORY**

On February 17, 2009, Plaintiff, Gregory Sylvester Rideau, Jr., a state inmate currently incarcerated at Calipatria State Prison and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court could conduct its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b), Plaintiff filed a First Amended Complaint ("FAC"). The Court dismissed Plaintiff's FAC on August 6, 2009 but permitted him leave to file a Second Amended Complaint in order to correct the deficiencies of pleading identified by the Court.

*See* August 6, 2009 Order at 7-8. On September 8, 2009, Plaintiff filed his Second Amended Complaint ("SAC").

**II.     SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

    **A.     Standard**

As the Court stated in its previous Order, the Prison Litigation Reform Act (PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

As currently pleaded, the Court finds that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

    **A.     Equal Protection claims**

Plaintiff was sentenced to a term of life without the possibility of parole on December 4, 1996. (*See* SAC at 4-5, 8.) At the time of sentencing, a restitution fine was imposed on Plaintiff. pursuant to Cal. Pen. Code § 1202.4(b). This restitution fine was to be collected in a manner set forth by Cal. Pen. Code § 2085.5(a) which provides, in part, that:

/ / /

/ / /

> "the Director of Corrections shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation and Government Claims Board for deposit in the Restitution Fund in the State Treasury."

Cal. Pen. Code § 2085.5(a)

The California Penal Code requires that money is to be garnished from "the wages and trust account deposits" of an inmate. *Id.* As he did in his previous pleading, Plaintiff objects to garnishment of monies obtained and deposited into his inmate trust account from family members. (*See* SAC at 8.) Initially, California Penal Code § 2085.5 only provided for garnishment of inmate wages but this code section was amended in 1992 to also allow for garnishments of other types of deposits into an inmate's trust account. *See Quarles v. Kane*, 482 F.3d 1154, 1155 (9th Cir. 2007).

The statute clearly provides for garnishment from wages and "trust account deposits" which would include money that Plaintiff receives from family members. Title 15 of the California Code of Regulations does provide some exemptions from this garnishment.

Certain monies in a prisoner's trust account are exempt from withdrawal for payment of restitution as follows:

> "Joint Venture Program Deposits, funds designated to pay the costs of a family visit ("family visit funds"), Temporary Community Leave funds, federal disability payments, veteran benefits, any reimbursement to an inmate as a result of a claim for lost or damaged property, or money reimbursed to an inmate due to a failed attempt to purchase merchandise are exempt for fines and direct orders of restitution."

CAL. CODE REGS. TIT. 15, § 3097(j).

Plaintiff argues that because he has been sentenced to life without the possibility of parole he will never be eligible for the exemptions found in the regulations and thus, his right to equal protection is violated. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 472 U.S. 432, 439 (1985).

/ / /

/ / /

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff claims that he is being treated differently from other "similarly situated" individuals because prisoners who are not serving a life sentence are eligible to participate in the "Joint Venture Program" and have family overnight visits. Inmates serving a term less than life can be eligible for these programs and thus, any funds they deposit related to these programs are exempt from garnishment. However, Plaintiff can not allege facts to show that he is "similarly situated" to inmates that are serving a sentence of less than life for the fact that these inmates will eventually be released from prison while Plaintiff will not. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("[D]ifferent treatment of unlike groups does not support an equal protection claim.").

Plaintiff suggests that he should be entitled to proceed on his equal protection claim on a "class of one" theory. This theory holds for the proposition that the equal protection guarantee protects not only groups, but individuals who would constitute a "class of one." *Vill. of Willowbrook*, 528 U.S. at 564. In order to state a claim of violation of equal protection under the "class of one" theory, Plaintiff must establish that Defendants intentionally, and without rational basis, treated Plaintiff differently from others similarly situated. *See id.* Here, while Plaintiff alleges that Defendants "acted in cohort" to "cover up the accounting fraud scheme." the allegations appear to be baseless because there is no indication in the facts or exhibits attached to Plaintiff's Second Amended Complaint that the Defendants deviated in any way from the regulations and code sections that govern how a prisoner's trust account is to be garnished. The administrative fee and the percentage which is permissible to garnish is set forth in the California Penal Code section 2085.5. Plaintiff also does not supply any factual allegations to

demonstrate that he was being treated differently from any other inmates serving a sentence of life without the possibility of parole. Accordingly, Plaintiff's Fourteenth Amendment equal protection claims are DISMISSED for failing to state a claim upon which relief could be granted.

### B.     Excessive Fines

Plaintiff also alleges that he was "ordered to pay an excessive fine after receiving a life without the possibility of parole sentence." SAC at 8. The Excessive Fines Clause of the Eighth Amendment limits the government's "power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (citations omitted.) A fine violates the Excessive Fines Clause "if it is grossly disproportional to the gravity of the defendants's offense." *Id.* at 334. Here, Plaintiff was convicted of murder in the first degree and sentenced to life without the possibility of parole. *See* SAC, Exhibit D002, Abstract of Judgment for Gregory Sylvester Rideau dated December 5, 1996. Plaintiff offers no factual allegations to support a finding that the fine is "grossly disproportionate" to the offense.

Thus, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim. Moreover, even if Plaintiff were able to allege such facts, these claims are subject to dismissal on statute of limitations grounds in light of Plaintiff's admission that he has been subjected to this restitution fine since 1996.

### C.     Property claim

Plaintiff also alleges that prison officials destroyed his typewriter. *See* SAC at 11. Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of

1  his typewriter are not cognizable in this § 1983 action, and must be dismissed pursuant to 28
2  U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

### D. Fourteenth Amendment Due Process Claims

In addition, Plaintiff alleges that the failure of prison officials to adequately respond to administrative grievances objecting to the taking of his funds violates his Fourteenth Amendment due process rights. *See* SAC at 9.

The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

To the extent Plaintiff challenges the procedural adequacy of CDCR inmate grievance procedures, his Second Amended Complaint fails to state a due process claim. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if

Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Id.* at 483-84.

### E. Access to Courts

Finally, Plaintiff alleges throughout his Second Amended Complaint that he has been denied access to the courts. Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

Here, Plaintiff has failed to allege that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** thirty (30) days leave from the date this Order is filed in which to file a Third Amended Complaint which cures all the deficiencies of

pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: October 26, 2009

Honorable Barry Ted Moskowitz
United States District Judge