# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RIDEAU,<br><br>                    Plaintiff,<br>vs.<br><br>L. MINNICK, et al.,<br><br>                    Defendant. | CASE NO. 09cv296-BTM (WMc)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)<br><br>[Doc. No. 28] |

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP") with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at Calipatria State Prison has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 28].

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v.

1 County of King, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional
2 circumstances requires an evaluation of both the 'likelihood of success on the merits and
3 the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
4 legal issues involved.' Neither of these issues is dispositive and both must be viewed
5 together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328,
6 1331 (9th Cir. 1986)).

7 Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues
8 involved, and is able to adequately articulate the basis of his claims.  However, Plaintiff is
9 seeking appointment of counsel based upon his "physical disability."  Specifically, Plaintiff
10 contends  he suffers from carpel tunnel syndrome and "is now taking pain medication, that
11 is two pills three times a day for his condition...." (P's Mtn. at 2.)

12 A review of Plaintiff's Exhibit A shows Plaintiff having:

13 [A] slightly abnormal EMG and nerve conduction study of the right
14 upper extremity....[M]inimal or borderline right carpal tunnel
15 syndrome...[N]o evidence of ulnar or radial neuropathy or significant cervical
16 radiculopathy....[H]is symptoms are more consistent with tendonitis. The
17 carpal tunnel syndrom may not be the main cause of his complaints. (P's
18 Exhibit A.)

19 Additionally, the Court notes Plaintiff's medication consists of Acetaminophen (generic for
20 Tylenol) 325 mg. (P's Exhibit 1.)

21 Based on the facts presented here, the Court does not find Plaintiff has sufficiently
22 demonstrated a basis to justify appointment of counsel at this time.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Conclusion and Order**

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 28].

**IT IS SO ORDERED.**

**DATED:   April 22, 2010**

*[signature]*

**Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court**