1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

GREGORY SYLVESTER RIDEAU, Jr.,
CDCR #K-32522,

Civil No.    09cv0296 BTM (WMc)

12

Plaintiff,

13

**ORDER SUA SPONTE DISMISSING
THIRD AMENDED COMPLAINT
FOR FAILING TO STATE A
CLAIM PURSUANT TO
28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

14
15
16

vs.

17

L. MINNICK, et al.,

18

Defendants.

19
20
21
22

## I.    PROCEDURAL HISTORY

23

On February 17, 2009, Plaintiff, Gregory Sylvester Rideau, Jr., a state inmate currently

24

incarcerated at Calipatria State Prison and proceeding pro se, filed a civil rights action pursuant

25

to 42 U.S.C. § 1983. Before the Court could conduct its sua sponte screening pursuant to 28

26

U.S.C. § 1915(e)(2) and 1915A(b), Plaintiff filed a First Amended Complaint ("FAC"). The

27

Court dismissed Plaintiff's FAC on August 6, 2009 but permitted him leave to file a Second

28

Amended Complaint in order to correct the deficiencies of pleading identified by the Court.

1  *See* Aug. 6, 2009 Order at 7-8.  On September 8, 2009, Plaintiff filed his Second Amended

2  Complaint ("SAC").  The Court, once again, dismissed his SAC for failing to state a claim.  *See*

3  Oct. 26, 2009 Order at 7-8.  Plaintiff appealed this Order to the Ninth Circuit Court of Appeals

4  on November 6, 2009.  This Appeal was later dismissed because the Order from which Plaintiff

5  appealed was not yet final.  On December 18, 2009, this Court dismissed Plaintiff's entire action

6  and entered judgment because Plaintiff had failed to file a Third Amended Complaint.  On

7  January 15, 2010, Plaintiff sought leave to reopen the case which was granted by this Court.

8  Plaintiff then requested and received extensions of time to file his Third Amended Complaint.

9  Finally, on June 4, 2010, Plaintiff filed his Third Amended Complaint ("TAC").

10  **II.      SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

11       **A.      Standard**

12       As the Court stated in its previous Orders, the Prison Litigation Reform Act (PLRA")

13  obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

14  Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or

15  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

16  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

17  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte

18  dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails

19  to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§

20  1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§

21  1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

22       As currently pleaded, the Court finds that Plaintiff's Third Amended Complaint fails to

23  state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof

24  requirements upon a claimant:  (1) that a person acting under color of state law committed the

25  conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

26  immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983;

27  *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d

28  1350, 1354 (9th Cir. 1985) (en banc).

1      In each one of Plaintiff's pleadings from his original Complaint to this Third Amended

2  Complaint, he has sought to challenge the method by which money is garnished from his inmate

3  trust account to pay towards his restitution that was imposed when he was convicted and

4  sentenced in 1996.

5      In his Third Amended Complaint, Plaintiff claims various prison officials used an

6  "accounting fraud scheme" in violation of his Fourteenth Amendment rights to garnish money

7  from his inmate trust account. *See* TAC at 4.  Specifically, Plaintiff claims that prison officials

8  were improperly categorizing monies that he received from his family as "inmate wages." *Id.*

9  Even if that were the case, the monies that Plaintiff receives from his family, or other sources,

10  and deposited into his inmate trust account can be subjected to garnishment towards the amount

11  of restitution he owes.  California law requires a restitution fine  to be collected in a manner set

12  forth by Cal. Pen. Code § 2085.5(a) which provides, in part, that:

13      "the Director of Corrections shall deduct a minimum of 20 percent or the balance owing
        on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and
14      trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer
        that amount to the California Victim Compensation and Government Claims Board for
15      deposit in the Restitution Fund in the State Treasury."

16  Cal. Pen. Code § 2085.5(a)

17      As the Court previously informed Plaintiff, there are certain exemptions from this

18  garnishment but he must plead facts to show that the monies deposited by his family or friends

19  fall under these exemptions which are as follows:

20      "Joint Venture Program Deposits, funds designated to pay the costs of a family visit
        ("family visit funds"), Temporary Community Leave funds, federal disability payments, veteran
21      benefits, any reimbursement to an inmate as a result of a claim for lost or damaged property, or
        money reimbursed to an inmate due to a failed attempt to purchase merchandise are exempt for
22      fines and direct orders of restitution."

23  CAL. CODE REGS. TIT. 15, § 3097(j).

24      Once again, there are no facts alleged that any of the funds deposited in Plaintiff's inmate

25  trust account fall under any of these exemptions.  For example, while Plaintiff claims that he

26  receives funds from his family, he does not allege that any of these funds are designated to pay

27  the costs of a family visit, which is one of the exemptions.

28  / / /

1    In addition, as the Court previously informed Plaintiff, where a prisoner alleges the

2  deprivation of a liberty or property interest caused by the unauthorized negligent or intentional

3  action of a prison official, such as the claims of accounting fraud, the prisoner cannot state a

4  constitutional claim where the state provides an adequate post-deprivation remedy.  *See*

5  *Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

6  The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy

7  for the random and unauthorized taking of property.  *Barnett v. Centoni*, 31 F.3d 813, 816-17

8  (9th Cir. 1994).  Here, Plaintiff claims that his property was fraudulently taken from his inmate

9  trust account and he continues to seek repayment for the alleged destruction of a typewriter.  As

10  to both of these claims, Plaintiff has an adequate state post-deprivation remedy and his claims

11  relating to the alleged accounting fraud and loss of his typewriter are not cognizable in this §

12  1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

13    Plaintiff also alleges that he has been denied access to the courts through "procedural

14  default."  TAC at 12.  Plaintiff alleges that he could not "exhaust his administrative remedies

15  upon this issue to even file a Board of Control claims."  *Id.*   Prisoners do "have a constitutional

16  right to petition the government for redress of their grievances, which includes a reasonable right

17  of access to the courts."  *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996).  To establish

18  a violation of the right to access to the courts, however, a prisoner must allege facts sufficient

19  to show that:  (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of

20  confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.

21  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An "actual injury" is defined as "actual prejudice

22  with respect to contemplated or existing litigation, such as the inability to meet a filing deadline

23  or to present a claim."  *Id.* at 348.

24    To demonstrate an "actual injury" Plaintiff would have to allege facts to show that he has

25  a nonfrivolous legal attack on his conditions of confinement related to the garnishment of a

26  portion of his funds from his inmate trust account.  In order to assert an Eighth Amendment

27  claim for deprivation of humane conditions of confinement a prisoner must satisfy two

28  requirements:  one objective and one subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

1    *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).   Under the objective requirement, the

2    plaintiff must allege facts sufficient to show that "a prison official's acts or omissions

3    . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511

4    U.S. at 834 (quoting *Rhodes*, 452 U.S. at  347).   This objective component is satisfied so long

5    as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation,

6    medical care, and personal safety."   *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982);

7    *Farmer*, 511 U.S. at 534.    Here, Plaintiff has not alleged in any of his pleadings that the

8    garnishment of his inmate trust account has led to the denial of adequate food, clothing, shelter,

9    sanitation, medical care or personal safety.   Plaintiff's inability to file a claim for the return of

10   the monies garnished from his trust account or the replacement of his typewriter would not rise

11   to the level of a nonfrivolous attack on the conditions of his confinement.

12          Thus, the Court finds that Plaintiff  has failed to allege that "a complaint he prepared was

13   dismissed," or that he was "so stymied" by any individual defendant's actions that "he was

14   unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not

15   "frivolous."   *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 Therefore, Plaintiff's access

16   to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can

17   be granted.

18          Plaintiff also brings a number of state law claims in this action.   However, because

19   Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss

20   Plaintiff's pendent state law claims without prejudice.   *See* 28 U.S.C. § 1367(c)(3) ("The district

21   court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ...

22   the district court has dismissed all claims over which it has original jurisdiction."); *United Mine*

23   *Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed

24   before trial, ... the state claims should be dismissed as well.").

25   **III.**    **CONCLUSION AND ORDER**

26          Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

27          Plaintiff's Third Amended Complaint is **DISMISSED** for failing to state a claim upon

28   which relief can be granted  pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).   Moreover,

1  because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time,

2  leave to amend is **DENIED.**  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.

3  1996) (denial of a leave to amend is not an abuse of discretion where further amendment would

4  be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D.

5  Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in

6  law, this action should be dismissed without leave to amend; any amendment would be futile.")

7  (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

8        The Clerk shall close the file.

9  **IT IS SO ORDERED.**

10  DATED:  June 28, 2010

11                         **HON. BARRY TED MOSKOWITZ**
                       United States District Judge